UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DALFIO, an individual,<br><br>                                      Plaintiff,<br><br>v.<br><br>NADIA R. HANNA, an individual; and DOES 1 to 10,<br><br>                                      Defendants. | Case No.: 21-CV-910 JLS (AHG)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>(ECF No. 13) |

Presently before the Court is Plaintiff Victor Dalfio's Motion for Attorneys' Fees and Costs ("Mot.," ECF No. 13). No opposition has been filed. For the reasons below, the Court **GRANTS IN PART** Plaintiff's Motion.

## BACKGROUND

On May 13, 2021, Plaintiff filed this lawsuit against Defendant Nadia R. Hanna alleging violations of the Americans with Disabilities Act (the "ADA") and California's Unruh Civil Rights Act (the "Unruh Act"). ECF No. 1. On June 13, 2022, the Court granted in part Default Judgment in favor of Plaintiff. ECF No. 11. The Court awarded Plaintiff damages pursuant to the Unruh Act in the amount of $4,000.00 and granted

///

injunctive relief. *Id.* Now before the Court is Plaintiff's Motion for Attorneys' Fees and Costs.

## ANALYSIS

Plaintiff requests $7,668.00 in attorneys' fees and costs. Mot. at 11. Pursuant to both Title III of the ADA and the Unruh Act, a prevailing plaintiff is entitled to attorneys' fees. 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Here, Plaintiff requests a total of $672.00 in costs and $6,996.00 in attorneys' fees. ECF No. 13-3 ("Billing Statement") at 1.[1] The Court will examine these requests in turn.

### I. Costs

First, Plaintiff's requested costs include $240.00 for an investigator, $402.00 in filing fees, and $30.00 in service costs. *Id.* The Court finds the $402.00 filing fee and the $30.00 service-of-process fee reasonable and recoverable and awards Plaintiff these costs. *See, e.g.*, *G & G Closed Cir. Events, LLC v. Zarazua*, No. 20-CV-1944-MMA (WVG), 2021 WL 3290425, at *4 (S.D. Cal. Aug. 2, 2021) (citations omitted). However, the Court declines to award Plaintiff's $240.00 request for pre-filing investigative fees. Although some district courts have awarded these costs, *see, e.g.*, *Johnson v. In Suk Jun*, No. 19-CV-06474-BLF, 2020 WL 6507995, at *10 (N.D. Cal. Nov. 5, 2020) (including investigation costs in litigation expenses), Plaintiff has not provided any authority to support the assertion that he is entitled to these costs, *see Langer v. Murad Enterprises, LLC*, 20-cv-34-MMA (BLM), ECF No. 15 at 12 n.3 (S.D. Cal. June 2, 2020) ("Plaintiff fails to provide any authority, nor is the Court aware of any such authority, indicating costs for 'investigator' fees are recoverable.").[2] Therefore, the Court awards Plaintiff $432.00 in costs.

---

[1] The Court refers to the blue page numbers created by the CM/ECF system on the header of the docket files for all documents cited in this Order.

[2] Indeed, analogizing to the Communications Act of 1934, which provides that a court "shall direct the recovery of full costs," including attorneys' fees, to a prevailing party, *see* 47 U.S.C. § 605(e)(3)(B)(iii), "[m]ost courts in this circuit decline to award costs for pre-filing investigative fees under § 605," *G & G*

## II. Attorneys' Fees

Next, to calculate attorneys' fees, the Court begins by "multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The resulting figure is referred to as the "lodestar" amount. *Id.* (citing *City of Riverside v. Rivera*, 477 U.S. 561, 568 (1986)). A district court has the discretion to award attorneys' fees when the amount is reasonable and the reasoning behind the award is fully explained. *Id.*

Plaintiff's request for attorneys' fees consists of $3,514.50 for Peter Shahriari (7.1 hours at $495.00 per hour), $2,079.00 for Anoush Hakimi (4.2 hours at $495.00 per hour), and $1,402.50 for Laura Steven (3.3 hours at $425.00 per hour). *See* Declaration of Anoush Hakimi in Support of Plaintiff's Motion ("Hakimi Decl.," ECF No. 13-2) ¶¶ 6–9; Billing Statement at 2–4.

### A. *Reasonable Hourly Rate*

To determine the reasonable hourly rate, the Court looks to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). In this case, the relevant community is the Southern District of California because it is "the forum in which the district court sits." *Id.* The burden is on the party requesting attorney's fees to "produce satisfactory evidence." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Evidence that the Court should consider includes "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney." *United Steelworkers of Am. v.*

---

*Closed Cir. Events, LLC v. Parker*, No. 320CV00801BENRBB, 2021 WL 164998, at *8 (S.D. Cal. Jan. 19, 2021) (citation and internal quotation marks omitted). The Court finds no reason why such costs should be recoverable in ADA actions if they are not among the "full costs" mandated by the Communications Act.

*Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *see also Blum*, 465 U.S. at 895 n.11.

Plaintiff's counsel argue that their requested rates are reasonable because the rates are consistent with approved hourly rates for similar ADA cases in the Central District of California. Mot. at 8. The Court disagrees that these rates are reasonable in the present case for two reasons: (1) counsel base their requested rate on the prevailing rate in the Central District of California, which is not the relevant community in this action and has a notably higher prevailing rate than the Southern District of California; and (2) counsel's requested rates in fact exceed the prevailing fees for similar ADA cases in both the Central District of California and the Southern District of California.

First, Plaintiff substantiates his request by citing to rates in the Central District of California, *see* Mot. at 9–10; however, the relevant community is instead the Southern District of California, where attorneys do not command the same substantial rates. *Camacho*, 523 F.3d at 979. Plaintiff includes the 2018 Wolters Kluwer Real Rate Report as an exhibit to his Motion and states that the report is often referenced by federal courts in the Central District of California in connection with attorneys' fee motions. Hakimi Decl. ¶ 10; *see* Mot. Ex. 2 (ECF No. 13-4). Plaintiff cites to median hourly rates for attorneys in Los Angeles, California, to justify his requested fees. *See* Mot. at 9–10. However, the Real Rate Report evidences that rates in Los Angeles are significantly higher than rates in San Diego, California. Mot. Ex. 2 at 14, 17. The Real Rate Report notes that the median hourly rate in Los Angeles is $650.00 for a litigation partner and $510.00 for an associate, while the median hourly rates in San Diego for a litigation partner and associate are $370.00 and $195.00, respectively. *Id.* As this Court sits in San Diego, the Court will only consider the median hourly rates for San Diego attorneys from the Real Rate Report. *See Camacho*, 523 F.3d at 979.

Furthermore, the rates of counsel for Plaintiff have often been reduced in the Central District of California for prior, analogous ADA cases. In January 2022, a judge in the Central District of California reduced Messrs. Hakimi and Shahriari's rates from $495.00

to $375.00 and Ms. Steven's rate from $425.00 to $300.00. *Pritchett v. Slauson Gas Station, LLC*, 2022 WL 319989 at *3 (C.D. Cal. Jan. 10, 2022) ("In fact, several courts in the Central District of California have substantially reduced the requested rates of these attorneys and have affixed a $300-$375 blended rate that is commensurate with the level of complexity in these run-of-the-mill ADA cases.") (citations omitted). Likewise, another judge in the Central District of California found that a $300.00 blended hourly rate was more reasonable for Mr. Hakimi, Mr. Shahriari, and Ms. Steven in a similar ADA case. *Machowski v. Jacmar Partners III*, 2021 WL 2980223 at *2 (C.D. Cal. May 27, 2021) ("While counsel asserts that both Mr. Hakimi and Mr. Shahriari have 'extensive experience and knowledge in the prosecution of disability access cases,' much of this experience was not needed here as Defendant has not answered and there was no significant discovery, motion practice, or hearing in this case."). As in the *Machowski* case, Defendant did not appear in this case, so motion practice was limited. Furthermore, the Court noted in its Order granting in part Default Judgment that multiple photographs from Plaintiff's investigator "do not support, or even directly contradict, Plaintiff's claims in his Complaint." ECF No. 11 at 10. These facts support a finding that Plaintiff's counsel have utilized form filings in this action that required little substantive work.

The issues in the instant case are not novel or complex, and Plaintiff, using this same law firm, has brought 35 other similar ADA cases in this District over a period of six months. Plaintiff utilized virtually identical complaints in all these actions. Given the boilerplate nature of the filings, the case's lack of complexity, and the Court's knowledge of the prevailing market rate in this District, the Court finds that Mr. Hakimi, Mr. Shahriari, and Ms. Steven are entitled to a blended rate of $300.00 per hour in this litigation. *See id.*

### B.   *Hours Reasonably Spent on Litigation*

Plaintiff's counsel submitted an affidavit with an itemized billing statement providing a breakdown of the 14.6 hours that the three attorneys assert to have expended on this case. *See* Hakimi Decl.; Billing Statement. "In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours that

are 'excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097 (9th Cir. 2009).

"The Court finds that the [14.6] hours billed to this matter are unreasonable given the boilerplate nature of the Complaint and motion for default judgment as well as the fact that there was no opposition to the motion for default." *Machowski*, 2021 WL 2980223, at *2. During this case, Counsel needed only to confer with Plaintiff and the investigator, revise a form complaint, review property records, and file form motions for default judgment and fees. *See* Billing Statement. Based on the needs of this case, Plaintiff's counsel should have expended no more than four hours to perform these tasks. *See id.*; *Machowski*, 2021 WL 2980223 at *2.

After this reduction, the Court finds Plaintiff's counsel is entitled to four hours of fees at a blended rate of $300.00, for a total of $1,200.00 in attorneys' fees.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** Plaintiff's Motion (ECF No. 13). The Court **AWARDS** Plaintiff $1,200.00 in attorneys' fees and $432.00 in costs—for a total award amount of $1,632.00. As this concludes litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 19, 2022

Hon. Janis L. Sammartino
United States District Judge